UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED

FEB 17 2017


CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TROY ROKUSEK, | \* | CIV. 16-4056 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION |
| -vs- | \* | AND ORDER DENYING |
| | \* | MOTION TO DISMISS |
| CODY JANSEN, Individually, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Cody Jansen moves for dismissal of Plaintiff Troy Rokusek's Complaint pursuant to Rule 37(d)(1)(A)(i)(3) of the Federal Rules of Civil Procedure for failure to comply with discovery. (Doc. 23.) Jansen resists the motion. (Doc. 28.) For the following reasons, the motion to dismiss will be denied but other sanctions will be imposed for Plaintiff's failure to appear at his deposition.

## BACKGROUND

The dispute addressed in this Order arises out of the deposition of Plaintiff noticed by Defendant for December 15, 2016. Counsel for Defendant attests that he served Plaintiff with a Notice of Deposition by mailing it to him at the address on file. (Doc. 24 at 2.) The Notice, which specified the date, time and location of the deposition, was never returned and Plaintiff did not object or respond to it. (*Id.*) On December 15, 2016, defense counsel traveled from Sioux Falls to Vermillion. He, along with a court reporter and a videographer, appeared in advance of 10:00 a.m. on that day and waited until 10:45 before leaving. (*Id.*) Plaintiff did not appear. Defendant seeks to recover from Plaintiff $680.00 in attorney's fees for travel and appearance at the deposition, $210.91 for the court reporter's costs, and $249.34 for the videographer's expenses.

Defendant also complains that Plaintiff has not fully answered interrogatories. In two earlier motions filed by Defendant, counsel for Defendant did not assert that Plaintiff's answers were incomplete; rather, Defendant wanted the answers to the interrogatories signed, dated and notarized. (Docs. 18 and 21.)  This Court issued orders on October 28 and November 23, 2016, directing Plaintiff to sign his interrogatory answers under oath and to serve a copy on defense counsel. (Docs. 20 and 22.)  In the second order, the Court warned Plaintiff that it would consider whether to dismiss his lawsuit if he failed to comply. (Doc. 22.)  Plaintiff obviously complied with that Order because defense counsel's letter to Plaintiff dated November 29, 2016 refers to answers "which you dated November 25, 2016." (Doc. 24-1.)  Defense counsel now asserts the answers are incomplete, and he attaches a copy of the November 29 letter to Plaintiff asking for additional information in response to interrogatories 9 and 15. (Doc. 24-1.)  Defendant has not, however, filed a motion to compel that information, and Plaintiff's new lawyers promise to complete the answers. (*See* doc. 28 at 2.)

In his response to the Motion to Dismiss, Plaintiff does not deny that he received the Notice of Deposition or that he failed to appear. He explains that his first lawyer, Mike Marlow, withdrew from the case by Order dated September 21, 2016, but Marlow continued to assist with settlement negotiations. In his sworn affidavit, Plaintiff explains that once it became clear that settlement was not a viable option and that Plaintiff needed to secure new counsel, he began his search. Plaintiff worked with lawyers at the Crary Huff Law Firm in Dakota Dunes in November and December, 2016, until they declined representation and gave him the names of two lawyers in Sioux Falls: Rick Ramstad and R. Shawn Tornow. Neither of those lawyers were willing to take on his case. On January 19, 2017, Plaintiff successfully retained Jeff Montpetit from Minneapolis and Tim James of James Law, P.C. in Yankton. On January 23, 2017, Plaintiff's new lawyers filed Plaintiff's Memorandum in Opposition to Defendant Jansen's Motion to Dismiss and Motion to Amend the Rule 16 Scheduling Order. (Doc. 28.)  They argue that Plaintiff did not willfully violate a court order and that Defendant has not demonstrated any prejudice. As they explain:

> Plaintiff is not an attorney, and has little to no experience with either State or Federal Courts, let alone section 1983 litigation. (Docket 26 Affidavit of Rokusek).

Moreover, he did not want to have his deposition taken without the assistance of counsel. Plaintiff sought representation by contacting 4 different attorneys, all of whom ultimately rejected his case but only after some level of due diligence. Further complicating the task of securing new counsel is the fact that this is a federal civil rights case, brought pursuant to 4th and 14th Amendments of the United States Constitution. Simply stated, it is an area of the law that not all plaintiffs' attorneys practice. The fact that it took Plaintiff a couple of months to secure competent counsel is of little surprise. Plaintiff is not an attorney, and has never expressed his desire to proceed pro se, has diligently sought representation and as such, he has never willfully violated the orders of this Court.

(Doc. 28 at 2.) Additionally, Plaintiff's lawyers indicate that they are competent in section 1983 civil rights matters and will be able to complete discovery now that they represent Plaintiff in this case. (*Id.*) Defendant dismisses Plaintiff's explanation for failing to comply with discovery, arguing it is no excuse that Plaintiff is not a lawyer. (Doc. 30.)

## DISCUSSION

As authority for requesting dismissal of the case and sanctions against Plaintiff, Defendant cites *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam), where the Eighth Circuit affirmed the district court's dismissal with prejudice of the pro se plaintiffs' case "for failure to comply with the district court's orders to cooperate with appellees in preparing a discovery schedule." *Id.* at 34. It is not clear, however, how egregious the *Farnsworth* plaintiffs' failures were and thus it is not possible to compare the facts of *Farnsworth* with what happened in the present case. We do know that the district court in *Farnsworth* gave the plaintiffs "meaningful notice of what was expected of them during the course of discovery, initially imposed less stringent sanctions when they failed to cooperate, and warned them that their failure to comply with subsequent court orders would result in dismissal of their action." *Id.*

In other cases, the Eighth Circuit has held that "dismissal with prejudice for failure to comply with discovery rules is an extreme sanction, often reserved for willful or bad faith default [.]" *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958)). The plaintiff in *Anderson* was found to have deliberately defaulted by

completely ignoring interrogatories for four months and failing to comply with a court order directing him to answer the interrogatories. *See id.* at 84. The Eighth Circuit said that the plaintiff's complete silence warranted the severe sanction of dismissal, particularly in light of the fact that the district court had dismissed his two previous suits for incomplete answers to interrogatories. *See id.*

Defendant has not filed a motion to compel Plaintiff to supplement his answers to interrogatories 9 and 15, and there is reason to believe that Plaintiff, with his new lawyers, will supplement those answers. Plaintiff's earlier failure to sign his interrogatory answers under oath does not warrant the severe sanction of dismissal. Unlike in *Anderson*, Plaintiff did not ignore the interrogatories. Defendant received what was at first thought to be complete, albeit unsigned answers to the interrogatories. (Doc. 19-2.) Plaintiff promptly complied with the second Order directing him to sign and serve his answers. As noted by the Eighth Circuit in *Farnsworth*, it is appropriate for a district court to initially impose sanctions less stringent than dismissal when a party fails to cooperate with discovery. The Court has not yet imposed any sanctions for Plaintiff's failure to sign his interrogatory answers, supplement them, or anything else, so the extreme sanction of dismissal is unwarranted at this time.

Federal Rule of Civil Procedure 37(d) allows a district court to dismiss an action or award other sanctions if a party fails to appear for his deposition. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). Other possible sanctions include requiring the party who failed to appear to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d)(1)(A) and 37(d)(3). The decision to award sanctions pursuant to Rule 37(d), and the type of sanctions to be awarded for a party's failure to attend his own deposition, is within the Court's discretion. *See id.* A party may move for sanctions under Rule 37(d) without first filing a motion to compel under Rule 37(a). *Id.*

The Court is not unsympathetic to Plaintiff's desire to have a lawyer with him at his deposition. Plaintiff has never expressed a desire to appear pro se, and it is clear from the record that

Plaintiff does not want to represent himself. Plaintiff began this lawsuit with a lawyer, and he earnestly sought representation after his first lawyer withdrew and later was unable to reach a settlement with Defendant. The record does not show whether defense counsel made any effort to communicate with Plaintiff about a convenient date or time prior to sending him the notice of his deposition, and this Court has never issued an order for Plaintiff to make himself available upon reasonable notice by Defendant. These facts do not, however, excuse Plaintiff's failure to inform Defendant that he could not or would not appear when his deposition was noticed, or his lack of any attempt to reschedule his deposition. The Court finds that Plaintiff's lack of representation does not substantially justify his failure to appear at his properly noticed deposition, and the Court concludes that monetary sanctions are warranted, but they will only be imposed if Plaintiff receives a settlement or judgment in his favor in this case. The Court finds reasonable the fees and expenses requested for Defendant's lawyer, the court reporter and the videographer to attend the deposition, in the amount of $1,140.25. (Doc. 24 at 2.) Accordingly,

IT IS ORDERED:

1) That Defendant's Motion to Dismiss, doc. 23, is denied, but sanctions in the amount of $1,140.25 will be awarded against any settlement or judgment for Plaintiff in this case;

2) That Defendant's Motion to Dismiss, doc. 21, is denied as moot; and

3) That the lawyers for the parties should immediately confer regarding a modest extension of the deadlines in the Court's Rule 16 Scheduling Order, and they should submit proposed dates to the Court on or before Monday, February 27, 2017.

Dated this 17th day of February, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
    (SEAL)        DEPUTY                    5